**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JATINDER SINGH, | No. 16-71234 |
| Petitioner, | Agency No. A205-935-340 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2018**
San Francisco, California

Before: WALLACE and GRABER, Circuit Judges, and LASNIK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Petitioner Jatinder Singh seeks review of a Board of Immigration Appeals' ("BIA") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). These applications were based on his membership in the Mann Party, also known as the Shiromani Akali Dal (Amritsar) political party, in India. We have jurisdiction under 8 U.S.C. § 1252, and we deny Singh's petition.

We review the BIA's denials for substantial evidence. Ahmed v. Keisler, 504 F.3d 1183, 1191, 1200 (9th Cir. 2007). We limit our review to the BIA's decision, and the elements of the immigration judge's decision that underpin it. Lai v. Holder, 773 F.3d 966, 970 (9th Cir. 2014) (citing Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008)).

Credibility determinations must be based on the "totality of the circumstances," including "the demeanor, candor, or responsiveness of the applicant[,] . . . the inherent plausibility of [the applicant's] account," and the consistency of the applicant's various statements. 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA's adverse credibility determination was based on an inconsistency between Singh's testimony and his interview with a Customs and Border Protection agent, the implausibility of his account of political persecution, and his demeanor. We "must uphold the BIA's finding unless the evidence compels a contrary result." Almaghzar v. Gonzales, 457 F.3d 915, 920 (9th Cir. 2006)

(quoting Monjaraz–Munoz v. INS, 327 F.3d 892, 895 (9th Cir. 2003)). In the present case, it does not.

Singh also argues that his CAT claim should be remanded. The "failure to establish eligibility for asylum does not necessarily doom an application for relief under [CAT]." Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). However, a petitioner's CAT claim may fail if it is "based on the same statements . . . that the BIA determined to be not credible." Id at 1157. Singh did not present sufficient independent evidence to establish that he was "more likely than not" to be tortured in India. 8 C.F.R. § 208.16.

**Petition DENIED**.